**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PDX NORTH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HAROLD J. WIRTHS, in his official capacity as the Commissioner of the Department of Labor and Workforce Development of the State of New Jersey,<br><br>    Defendant. | Civil Action No. 15-7011 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This case arises from New Jersey's classification of certain commercial truck drivers as employees instead of independent contractors. (*See generally* Compl., ECF No. 1.) Under New Jersey's Unemployment Compensation Law (the "Law"), drivers are deemed employees "unless and until it is shown to the satisfaction of the division" that the drivers satisfy the criteria of New Jersey's Independent Contractor Statute. (*Id.* ¶ 26.) The Law, however, provides an exemption from having to demonstrate satisfaction of the New Jersey Independent Contractor Statute for motor carriers who, among other things, use trucks that weigh over 18,000 pounds and compensate their drivers either by a percentage of the gross revenue of the job, or by virtue of the weight of the load and the distance of travel. N.J.S.A. 43:21-19(i)(7)(X). This is referred to as the "New Jersey Commercial Truck Drivers Exemption." (Compl. ¶ 2.) In its Complaint, Plaintiff PDX North America, Inc.[1] ("Plaintiff" or "PDX") contends that the enforcement of the New Jersey

---

[1] Improperly pled as "PDX North, Inc."

Independent Contractor Statute and the New Jersey Commercial Truck Drivers Exemption violates the Federal Aviation Administration Authorization Act ("FAAAA"), which prohibits the enactment or enforcement of state laws or regulations "related to a price, route, or service of any motor carrier." (Compl. ¶ 33) (quoting U.S.C. 49 § 14501(c)(1)). This matter comes before the Court upon the motion to dismiss Plaintiff's Complaint of Defendant Harold J. Wirths, in his official capacity as the Commissioner of the Department of Labor and Workforce Development of the State of New Jersey ("Defendant" or "NJDOL"). (ECF No. 12.) Plaintiff filed opposition and a cross motion for summary judgment (ECF No. 16), and Defendant filed opposition to Plaintiff's cross motion (ECF No. 19). The Court, having considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss and Plaintiff's cross motion for summary judgment are both denied.

I.  **Facts**

   A.  **PDX North America, Inc.**

PDX is a corporation in the "business of facilitating, brokering, and providing transportation and delivery services of wholesale automotive parts to automotive dealers and third party automotive suppliers in several states, including New Jersey." (Pl.'s Statement of Undisputed Facts ("Pl.'s SOF")[2] ¶ 1, ECF No. 16-2.) To meet customer demand, PDX contracts with certain individuals to provide delivery services on an "as-needed" basis. (*Id.* ¶ 2.) As market demand dictates the timetable for these deliveries, these shipments are often time-sensitive and

---

[2] Local Civil Rule 56.1 provides that "[t]he opponent of summary judgment shall furnish . . . a responsive statement of material facts, addressing each paragraph . . . [and that] any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1. Defendant did not furnish a responsive statement, and has not otherwise indicated any disputes with the facts alleged in the Plaintiff's Rule 56.1 statement. Accordingly, the Court shall deem these facts undisputed for the purpose of Plaintiff's current summary judgment motion.

unscheduled. (*Id.* ¶ 3.) Accordingly, PDX alleges that it uses drivers who are independent contractors to maintain adequate service levels to its customers. (Compl. ¶ 20.)

### B. New Jersey Independent Contractor Statute

To determine whether an individual is an "independent contractor" under New Jersey law, the NJDOL applies the New Jersey Independent Contractor Statute, N.J.S.A. 43:21-19(i)(6)(A)-(C), which is referred to as the "ABC Test." (Def.'s Moving Br. 2, ECF No. 12-1.) The ABC Test provides that an individual who provides services for remuneration is deemed an employee, *unless* it is shown that:

> (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and
> (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of the business of the enterprise for which such service is performed; and
> (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.* Certain motor carriers are, however, relieved from the procedural requirements of the ABC Test pursuant to the Commercial Truck Drivers Exemption (the "Exemption"). *See* N.J.S.A. 43:21-19(i)(7)(X). The Exemption provides that the term "employment" shall not include:

> Services performed by operators of motor vehicles weighing 18,000 pounds or more, licensed for commercial use and used for the highway movement of motor freight, who own their equipment or who lease or finance the purchase of their equipment through an entity which is not owned or controlled directly or indirectly by the entity for which the services were performed and who were compensated by receiving a percentage of the gross revenue

>     generated by the transportation move or by a schedule of payment
>     based on the distance and weight of the transportation move.

*Id.*

### C. NJDOL Audits

For several years NJDOL has audited PDX's classification of its drivers to determine whether PDX properly classifies them as independent contractors under New Jersey law. (Pl.'s SOF ¶ 4.) The first audit was conducted for the time period from January 1, 2006, through December 31, 2009 (the "First Audit"). (*Id.* ¶ 5.) The second audit was conducted for the time period from January 1, 2010, through June 30, 2012 (the "Second Audit"). (*Id.* ¶ 6.)

Based on its findings from the First and Second Audits, the NJDOL determined that PDX was not able to prove that its drivers were independent contractors under New Jersey law, and as a consequence, PDX was liable to the NJDOL for $361,378.88 for the First Audit and $598,850.39 for the Second Audit. (*Id.* ¶ 7; Compl. ¶¶ 22-23.) PDX disputed these determinations and sought review of the First and Second Audit determinations before the Office of Administrative Law ("OAL"). (Def.'s Moving Br. 4.) On February 19, 2015, the OAL issued a Notice of Filing of the matter captioned *PDX North, Inc. v. NJ Dept. of Labor and Workforce Development*, OAL Dkt. No. LID 02451-2015 S. (Pl.'s SOF ¶ 9.) To preserve its ability to collect on the audits, on July 28, 2015, the NJDOL electronically filed administrative judgments concerning the First and Second Audits. (Decl. of Frederick Frankel ("Frankel Decl."), Exs. B, C, ECF No. 16-3.) Thereafter, on September 28, 2015, the OAL issued a Notice of Hearing, scheduling a hearing on PDX's appeal of the NJDOL's determination as to the "[b]ona fide[s]" of PDX's couriers. (Frankel Decl., Ex. D ("Notice of Hearing"), ECF No. 16-3.) This hearing was scheduled for March 30, 2016, however, pursuant to the parties' request, by order dated February 29, 2016, the OAL adjourned the hearing and transferred the proceeding to the OAL's Inactive List for a period of six

months, after which a status conference is to be held on September 13, 2016. (March 2, 2016 Letter to the Court, Ex. A ("Feb. 29, 2016 OAL Order"), ECF No. 20-1.)

On October 14, 2015, the NJDOL notified PDX that it was instituting an audit for the period of 2013 through 2015 (the "Third Audit"). (Pl.'s SOF ¶ 14.)

## II.   Defendant's Motion to Dismiss

### A.   Legal Standard

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint must contain sufficient facts to "put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### B.     Analysis

#### 1.     Abstention Doctrines

In its motion, Defendant cites three different abstention doctrines – *Rooker-Feldman*, *Colorado River*, and *Burford* – in support of its argument that the Court should abstain from hearing this matter because of Plaintiff's pending appeal of the NJDOL's First and Second audit determinations. (Def.'s Moving Br. 1-24, ECF No. 12-1.) In its opposition, Plaintiff argues that none of these abstention doctrines are applicable to this case. As discussed below, the Court agrees that these abstention doctrines are inapplicable to this action.

First, with respect to the *Rooker-Feldman* abstention doctrine, Defendant relies on *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), to argue that this doctrine "bar[s] federal interference with state administrative proceedings." (Def.'s Moving Br. 7; see also Def.'s Reply Br. 9., ECF No. 19.) Defendant's reliance on *Huffman* is misplaced. *Huffman* addresses an entirely different doctrine of abstention – *Younger* abstention, which neither party argues is applicable here. Furthermore, in *Verizon Maryland Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 644 n.3 (2002), the Supreme Court made clear that "[t]he [*Rooker-Feldman*] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." *See also Nat'l R.R. Passenger Corp. v. Pa. Public Util. Comm'n*, 342 F.3d 242, 257 (3d Cir. 2003) ("*Rooker-Feldman* doctrine only applies to state judicial proceedings, not administrative or legislative proceedings.").

Second, with respect to the *Colorado River* abstention doctrine, the threshold issue that must be decided is whether the two actions are "parallel," meaning the "parallel" state proceeding involves the same parties and "substantially identical claims [raising] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d

Cir. 2009) (internal quotation marks omitted). Here, the Court finds that Defendant has failed to establish the threshold showing that the federal action is parallel to the state administrative action, because Defendant has not shown that the state administrative proceeding involves Plaintiff's preemption claim.[3] Thus, given that the state administrative proceeding is limited to a review of the First and Second Audits, Defendant has not shown that the state proceeding will provide any prospective relief against the enforcement of the allegedly preempted statutes. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) (stating, with respect to declaratory judgment actions, that the critical issue in deciding whether abstention is appropriate is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court").

Defendant relies on *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992), to argue that Plaintiff's "failure" to assert the preemption claim in the state administrative proceeding is not sufficient to prevent abstention. (Def.'s Reply Br. 11.) *Valenti*, however, involved the application of the *Rooker-Feldman* doctrine, which as discussed above, does not apply to administrative agency proceedings. 962 F.2d at 296 (holding that a party "cannot be allowed to escape *Rooker-Feldman* by raising a new constitutional theory in federal court"). Defendant has not cited any authority showing that the same principles of claim preclusion announced in *Valenti* are applicable to PDX's appeal of the NJDOL's audit determinations. Thus, the Court finds that Defendant has not satisfied its burden of showing that the threshold requirement for *Colorado River* abstention

---

[3] Because the Court finds that Defendant has failed to establish that the matters are parallel, the Court does not reach either the "exceptional circumstances" requirement for *Colorado River* abstention, *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 308, or Defendant's argument that "exceptional circumstances" are not required to grant Plaintiff's request for declaratory relief (Def.'s Moving Br 16-17; Def's Reply Br. 10-11).

has been met. *See Harris v. Bristol-Meyers, Squibb Co.*, 2012 WL 1243260, at *8 (D.N.J. Apr. 12, 2012) ("[A] party seeking abstention bears the burden of showing that abstention is the appropriate course."); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 n.21 (1976) ("Indeed, the presence of a federal basis for jurisdiction may raise the level of justification needed for abstention.").

Third, with respect to the *Burford* abstention doctrine, Defendant argues that this matter requires the Court to interfere with New Jersey's regulations regarding the classification of employees and independent contractors. (Def.'s Moving Br. 22-23.) The Court recognizes that a decision on the issue of preemption risks overturning New Jersey's employment laws with respect to the classification of commercial truck drivers. However, "there is . . . no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *New Orleans Public Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 363 (1989) (quoting *Zablocki v. Redhail*, 434 U.S. 374 (1978)). On the contrary, as Defendant recognizes, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), urges abstention only when a question of state law is at issue. (Def.'s Reply Br. 12.) Here, PDX does not ask the Court to resolve an issue of state law; rather, PDX states that the Court may assume that it cannot meet the requirements of the New Jersey Independent Contractor Statute or the Exemption. (Compl. ¶¶ 30-31.) Therefore, the only issue presented in this action is a federal one – whether the FAAAA preempts the New Jersey Independent Contractor Statute and the Exemption. Accordingly, *Burford* abstention is inapplicable.

In addition, the Court also rejects Defendant's conclusory assertion in its reply brief that "Plaintiff's preemption argument is not ripe for review because there is no final determination that its drivers are independent contractors." (Def.'s Reply Br. 10.) As the Third Circuit declared in

*Freehold Cogeneration Associates, L.P. v. Board of Regulatory Commissioners of New Jersey*, "[i]f, as [Plaintiff] insists, the ongoing [state] proceedings . . . are the kinds of burdens which Congress intended [motor carriers] to be spared, Congress' mandate would be frustrated if [Plaintiff's] right to judicial review were postponed." 44 F.3d 1178, 1189 (3d Cir. 1995). Accordingly, here, as in, *Freehold Cogeneration Associates, L.P.*, the Court finds that "a determination of the legal issue of preemption need not await any further developments before the [OAL]." *Id.*

### 2. Sovereign Immunity

Next, Defendant argues that the case should be dismissed because it is barred by the Eleventh Amendment, which prohibits suits against states. (Def.'s Moving Br. 36-37.) The Eleventh Amendment does not, however, preclude suits against state officers for injunctive relief. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). In addition, the Court finds that Plaintiff has sufficiently pled that, pursuant to N.J.S.A. 34:1-6, Defendant Harold Wirth, in his official capacity as Commissioner of the Department of Labor and Workforce Development of the State of New Jersey, is authorized to enforce the New Jersey Independent Contractor Statute and the Exemption. Accordingly, at this juncture, the Court finds that this action is not barred by the Eleventh Amendment.

### 3. Preemption

Finally, Defendant argues that Plaintiff has failed to state a claim for relief because neither the New Jersey Independent Contractor Statute nor the Exemption is "related to a price, route, or service of any motor carrier" or "connected to the transportation of property." (Def.'s Moving Br. 36.) The Court disagrees. Here, Plaintiff has alleged, inter alia, that: (1) the application of these New Jersey laws would prevent it from utilizing independent contractors; (2) "requiring PDX to

9

use employees [rather than independent contractors] would force it to establish and maintain an employee workforce to meet peak demand, even when many of the employees would have little or no work at other times"; (3) "PDX also would need to considerably build its infrastructure . . . and take on a large contingent of employees for the exact same number of deliveries"; and (4) "requiring PDX to convert [its] independent contractor delivery drivers to employees would compel [PDX] to take on additional employment-related costs, including state and federal social security taxes and state unemployment insurance tax . . . . [and] would also compel [PDX] to incur enormous expense under the Patient Protection and Affordable Health Care Act." (Compl. ¶¶ 35-38.) Construing these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that the enforcement of the New Jersey Independent Contractor Statute and the Exemption will substantially affect the prices, routes, and services of PDX with respect to its transportation of property, and thus will violate the FAAAA. *See* 49 U.S.C. § 14501. Accordingly, Plaintiff has sufficiently stated a claim for relief.

Defendant's remaining argument that the New Jersey Independent Contractor Statute and the Exemption's impact on PDX's prices, routes, and services is too attenuated to trigger FAAAA preemption, should be considered in the context of a motion for summary judgment. Defendant has not provided a statement of undisputed facts, as required by Local Civil Rule 56.1, and the record does not contain sufficient facts for determining whether the New Jersey Independent Contractor Statute and the Exemption's alleged effect on PDX's "prices, routes, and services rises to the requisite level for FAAAA preemption." *Mass. Delivery Ass'n v. Coakley*, 769 F.3d 11, 23 (1st Cir. 2014) (remanding to district court to determine whether the "effect on delivery companies' prices, routes, and services rises to the requisite level for FAAAA preemption").

### III. Plaintiff's Motion for Summary Judgment

#### A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Id.* at 250. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists, then the court must grant summary judgment. *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Furthermore, "a party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations." *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 209 (D.N.J. 2001).

**B.     Analysis**

As discussed above, here, the parties have not proffered any evidence regarding the impact, or lack thereof, of the New Jersey Independent Contractor Statute and the Exemption on PDX's prices, routes, or services. Plaintiff's Rule 56.1 statement includes only the conclusory assertion that "PDX is able to maintain adequate service levels by using drivers that are independent contractors." (Pl.'s SOF ¶ 3.) This statement, which does not contain any specifics regarding PDX's "prices, routes, or services," is not a sufficient basis upon which the Court can make a decision as a matter of law. In addition, although the Complaint includes allegations that specifically address the impact of the New Jersey Contractor Statute and the Exemption on PDX's prices, routers and services (Compl. ¶¶ 36-40, 42, 44-47), the unsupported allegations in the Complaint are not sufficient for summary judgment. *See* Fed. R. Civ. P. 56(c). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." *Id.* Here, as discovery has not commenced, the parties have not and cannot cite to any parts of the record in support of or in opposition to the argument that the New Jersey Independent Contractor Statute or the Exemption affects the prices, routes and services of PDX. Accordingly, at this juncture, the Court finds that Plaintiff has failed to show that it is entitled to judgment as a matter of law. *See Mass. Delivery Ass'n*, 769 F.3d at 15 (remanding to district court to determine whether the "effect on delivery companies' prices, routes, and services rises to the requisite level for FAAAA preemption")

**IV.     Conclusion**

For the reasons set forth above, Defendant's motion to dismiss and Plaintiff's cross-motion for summary judgment are denied. Pursuant to the order accompanying this decision, the parties

shall submit a proposed schedule for discovery, briefing, and oral argument on renewed motions for summary judgment.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 31st, 2016